UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL DEREK DULIN,

    Plaintiff,

    v.

PATRICK HANKINS, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-942-JD-MGG

OPINION AND ORDER

Samuel Derek Dulin, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Dulin alleges that, on July 26, 2018, correctional staff assaulted him at the Tippecanoe County Jail as he stood waiting for an order. Sergeant Barnes ordered the use of mace, and correctional staff also used a taser and repeatedly hit Dulin's head against the floor. As the correctional officers escorted Dulin to the medical unit, Officer Patrick Hankins tripped him, and Dulin again hit his head on the floor.

Due to the assault, he received stitches near his right eyebrow at the local hospital. For his injuries, he seeks damages and injunctive relief.

Dulin asserts an Eighth Amendment claim of excessive force against Sergeant Barnes and Officer Hankins. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Dulin alleges that, for no apparent reason, Sergeant Barnes ordered correctional staff to assault him and that Officer Hankins tripped him. Therefore, Dulin states a plausible excessive force claim for money damages against them.

Dulin also seeks injunctive relief to prevent the defendants from assaulting other inmates at the Tippecanoe County Jail. However, Dulin, who now resides at the Westville Correctional Facility, lacks standing to proceed on a claim that solely concerns other inmates' constitutional rights. *See O'Sullivan v. City of Chicago*, 396 F.3d 843, 854 (7th Cir. 2005). Therefore, the claim for injunctive relief is dismissed.

For these reasons, the court:

(1) GRANTS Samuel Derek Dulin leave to proceed on a claim for damages against Sergeant Barnes and Patrick Hankins for using excessive force against him on July 26, 2018, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant Barnes and Patrick Hankins at the Tippecanoe County Jail with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Barnes and Patrick Hankins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Samuel Derek Dulin has been granted leave to proceed in this screening order.

SO ORDERED on February 22, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT