UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL DEREK DULIN, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK HANKINS *et al.*, <br><br> Defendants. | CAUSE NO. 3:18-CV-942-DRL-MGG |

OPINION AND ORDER

Samuel Derek Dulin, a *pro se* litigant, proceeds on an Eighth Amendment claim against Sergeant Barnes and Patrick Hankins for using force against him at the Tippecanoe County Jail on July 26, 2018. ECF 11. The defendants, by counsel, filed a motion for summary judgment, alleging that Mr. Dulin, who filed this case as a prisoner, failed to exhaust his administrative remedies with respect to this claim as required by 42 U.S.C. § 1997e(a).

The defendants also provided Mr. Dulin with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 34. The notice informed Mr. Dulin of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Mr. Dulin did not file a response.

In a declaration, Carrie Morgan, assistant jail commander at the Tippecanoe County Jail, attested that a grievance process was available to inmates during Mr. Dulin's time at the jail. ECF 32-1. This policy sets forth a three-step grievance process. First, an inmate must attempt to resolve a complaint informally in writing or orally to the pod officer within five days of the incident. *Id.* at 5. If the inmate is unable to resolve the complaint informally, he may file a formal grievance within five

days of receiving a response to the informal grievance. *Id.* Finally, if an inmate is dissatisfied with the resolution of the formal grievance, he may file an appeal with the jail commander within five days of receiving a response to the formal grievance. *Id.*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Though Mr. Dulin did not respond to the instant motion, the record contains two explanations from Mr. Dulin as to why he did not complete the grievance process with respect to his claim. First, in his interrogatory responses, Mr. Dulin stated that, on August 5, 2018, he filed an informal grievance about the use of force incident, but that he never received a response. ECF 32-3 at 4. Notably, that date was thirteen days after the use of force incident and thus eight days after deadline to submit an

informal grievance expired. In an effort to explain this delay, Mr. Dulin stated that he waited to submit an informal grievance until the shift changed and also until he was moved to an area of the jail where the defendants did not work so that he "could be assured that his documents would be allowed to make it through proper channels." ECF 31. Second, in a formal grievance, dated September 19, 2018, Mr. Dulin indicated that he had made no attempt at an informal resolution because he already knew that the jail staff had no reason to use excessive force against him. ECF 32-1 at 7.

Neither explanation suggests that Mr. Dulin was unable to submit an informal grievance in accordance with the grievance policy; instead, these explanations suggest that he chose not to do so based on his belief that his efforts would be obstructed or unfruitful. However, even if Mr. Dulin believed that submitting a timely informal grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try."). In sum, the undisputed evidence demonstrates that Mr. Dulin did not exhaust his available administrative remedies for his excessive force claim. Therefore, the motion for summary judgment is granted, and there are no remaining claims in this case.

The defendants also filed a motion for sanctions because Mr. Dulin did not respond to their requests for production as ordered by the court. They ask the court to prohibit Mr. Dulin from submitting evidence that would have been responsive to their requests and to award them attorney fees. Considering the record and the disposition of this case, the court finds that these sanctions are not warranted and denies the motion for sanctions.

For these reasons, the court:

(1) DENIES the motion for sanctions (ECF 35);

(2) GRANTS the motion for summary judgment (ECF 32);

3

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED.

November 26, 2019                                 *s/ Damon R. Leichty*
                                                  Judge, United States District Court